### NELSON STROTHER vs. RAILROAD COMPANY.

FARMER, J. Where the judgment appealed from, owing to disagreement of the Judges, stands affirmed under Art. 101 of the Constitution, appellant must pay costs of the appeal. C. P. 907.

### LOUIS TRAGER vs. JOHN M. CLAYTON, ASSESSOR.

FARMER, J. The fact that the law has provided persons aggrieved by an assessment with a special remedy, does not deprive the courts of jurisdiction of a suit to correct an illegal assessment. The amount of the taxes assessed determine the jurisdiction.

2. The statutory provisions, however, should be followed before the tax debtor can obtain relief from the courts. 31 An. 272. In this case, the demand of plaintiff is rejected, because he has not sworn to his own valuation of his property, nor sworn that injustice has been done, nor that the property is worth less than the assessment.

### A. S. YEAMER, ADMINISTRATOR, vs. A. YZNAGA DEL VALLE.

MAYO, J. George Gray died in Tensas Parish in 1879, and plaintiff was appointed administrator of his succession. On January 1st, 1879, Gray rented from defendant 100 acres of land at the price of one bale of cotton for every six acres.

After Gray's death, his widow took possession of his estate, gathered the crop, and turned it over to defendant, in payment of rent and supplies. In the meantime, she obtained judgment against the administrator for $1000, as a widow in necessitous circumstances, and the administrator brings this suit to compel defendant to restore to him the proceeds of the cotton raised on the land, rented by Gray. Held:

1. The claim of the necessitous widow outranks the landlord's privilege on the movable effects of the succession. 26 An. 126; 27 An. 560; 29 An. 514.

2. The burial expenses and costs of administration, also, outrank defendant's claim.

3. The fact of the widow's taking possession of the property and assuming defendant's debt, is a matter between the individuals concerned and foreign to the present inquiry.

4. Judgment is, therefore, rendered, condemning defendant to pay the proceeds of the succession property, less the amount expended by him in preserving and gathering it, over to plaintiff, but this judgment shall be exigible only after the administrator has filed his trial account and tableau of distribution, and the funds have been awarded to other persons claiming the same in preference to defendant.